IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEWAIN JENKINS                                                                                          PETITIONER

VS.                                                                    CIVIL ACTION NO. 4:10-CV-00035-DPJ-FKB

JOHNNY CROCKETT, WARDEN                                                                       RESPONDENT

REPORT AND RECOMMENDATION

This cause is before the undersigned on the petition of Dewain Jenkins for habeas corpus relief pursuant to 28 U.S.C. §2254.  Having considered Jenkins's petition, and Respondent's answer, the undersigned concludes, for the reasons which follow, that the petition is not well-taken and recommends that it be denied.

I.  FACTS AND PROCEDURAL HISTORY

Jenkins was convicted by the Neshoba County Circuit Court on July 17, 1997, of two counts of possession with intent to sell controlled substances while in possession of a firearm.  See Jenkins v. State, 757 So. 2d 1005, 1006 (Miss. Ct. App. 1999).  He received a five year sentence on one count and a twenty-five year sentence on the other, to run consecutively.  See Docket No. 13, Ex. 1.  On direct appeal, Jenkins challenged the prosecution's refusal to reveal the identity of a confidential informant and the trial court's refusal to grant a circumstantial evidence instruction he had requested.  Jenkins, 757 So. 2d at 1009-1010.  Jenkins also argued that the quantity of drugs with which he was found was too small to permit a possession with intent charge.  Id. at 1010.  The Mississippi Court of Appeals affirmed Jenkins's conviction.  Id.

Jenkins does not challenge his conviction in his current habeas petition.  Rather, he contends that several years into his incarceration, the Mississippi Department of Corrections ("MDOC") incorrectly applied a sentence enhancement, causing him to lose privileges and causing him to be denied parole.  Jenkins alleges that MDOC did not apply an enhanced penalty to his sentence until a parole audit in May, 2009.  Docket No. 5, p. 5.

Jenkins filed an ARP, which is a grievance or complaint pursuant to the MDOC's Administrative Remedy Program, on June 5, 2009.  He received a first step response on June 11, 2009, indicating he was not eligible for parole due to Miss. Code Ann. § 41-29-152, which provides an enhanced penalty for being in possession of a firearm during a drug offense.  On July 20, 2009, Jenkins received a second step response through the ARP, again indicating he was denied parole for having a firearm when committing the underlying offense.  On November 5, 2009, Jenkins filed a Petition to Clarify Sentence in Neshoba County Circuit Court.  Docket No. 8, p. 3.  On January 21, 2010, the Neshoba County Circuit Court denied that motion for failure to state a cause of action and as untimely.  Docket No. 8, p. 12.  Between his motion and the ruling, Jenkins received, on December 8, 2009, a third step response through the ARP, which again cited the enhancement statute as the reason Jenkins could not be paroled.

Jenkins received a certificate of completion from the ARP on February 11, 2010.[1]  Jenkins did not file suit in state court after receiving the ARP completion certificate nor did he appeal the circuit court's denial of his motion to clarify his sentence.

---

[1] Both parties state Jenkins has sought state court post-conviction relief with respect to the merits of his conviction and sentences but agree that since he is not challenging the merits of the convictions and sentences via the current petition, those petitions are not relevant.  This court denied Jenkins's petition for habeas corpus concerning the issues he raised on direct appeal on July 10, 2003.  Jenkins v. Waller, 4:01-cv-334-TSL-AGN (S.D. Miss. 2003).

The current petition alleges: "GROUND ONE: MDOC erred in placing petition [sic] under an enhance [sic] penalty." The supporting facts are described by Jenkins as:

> Although petitioner was subject to an enhance penalty it was at the judge's discretion whether to apply said enhance penalty in the petitioners sentencing judgement, committment papers and all documents shows clearly that petitioner did not receive an enhance penalty.

Docket No.5, p. 5. Jenkins raised this same argument in his state-court Petition to Clarify Sentence in which he asserted that, "at the sentencing hearing, this honorable court never mentioned that said sentence was enhanced, nor does it show in the sentence alone that this honorable court applied sentence enhancement." Docket No. 8, p. 5.

## II. DISCUSSION

1. Petitioner's Claim.

Jenkins claims that because *he could have been* sentenced to 60 years on each count pursuant to the enhancement statute, Miss. Code Ann. § 41-29-152,[2] but was not, MDOC cannot consider that he was convicted of having a firearm while committing the underlying felony when determining whether to grant parole or other privileges he might enjoy without the enhancement. However, as Respondent has pointed out, Jenkins was charged pursuant to Miss. Code Ann. § 41-29-139 and § 41-29-152, and the judgment of the Neshoba County Circuit Court clearly indicates Jenkins was convicted as charged. See Docket No. 13, Ex. 1 and 3.

2. Whether Petitioner has Stated a Claim for Which Relief May be Granted.

The court notes that in Irving v. Thigpen, 732 F.2d 1215 (5th Cir. 1984), the Fifth Circuit

---

[2]Jenkins asserts that without application of Miss. Code Ann. § 41-29-152, he could have been sentenced to up to thirty years on each count of possession with intent to distribute. Miss. Code Ann. §41-29-139(b).

held that Mississippi's parole statute is discretionary and does not create any constitutionally protected liberty interest.  Habeas relief is not warranted absent an allegation of deprivation of a constitutionally protected right.  28 U.S.C. § 2254.

Miss. Code Ann. §  47-7-3 provides, in pertinent part:

(1) Every prisoner who has been convicted of any offense against the
 State of Mississippi, and is confined in the execution of a judgment of
such conviction in the Mississippi Department of Corrections for a
definite term or terms of one (1) year or over, or for the term of his or her
natural life, whose record of conduct shows that such prisoner has observed
the rules of the department, and who has served not less than one-fourth ( 1/4 )
of the total of such term or terms for which such prisoner was sentenced, or, if
sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced
for the term of the natural life of such prisoner, has served not less than ten
(10) years of such life sentence, may be released on parole as hereinafter
provided, except that:
.....
        (h) No person shall be eligible for parole who is convicted or whose
suspended sentence is revoked after June 30, 1995, except that an offender
convicted of only nonviolent crimes after June 30, 1995, may be eligible for
parole if the offender meets the requirements in subsection (1) and this paragraph....
For purposes of this paragraph, "nonviolent crime" means a felony other than
homicide, robbery, manslaughter, sex crimes, arson, burglary of an occupied
dwelling, aggravated assault, kidnapping, felonious abuse of vulnerable adults,
**felonies with enhanced penalties**, the sale or manufacture of a controlled substance
under the Uniform Controlled Substances Law, felony child abuse, or exploitation
or any crime under Section 97-5-33 or Section 97-5-39(2) or 97-5-39(1)(b) or
97-5-39(1)(c) or a violation of Section 63-11-30(5). An offender convicted of a
violation under Section 41-29-139(a), not exceeding the amounts specified under
Section 41-29-139(b), may be eligible for parole. In addition, an offender
incarcerated for committing the crime of possession of a controlled substance under
the Uniform Controlled Substances Law after July 1, 1995, shall be eligible for parole.
....

(3) The State Parole Board shall, by rules and regulations, establish a method of
determining a tentative parole hearing date for each eligible offender taken into the
custody of the Department of Corrections. The tentative parole hearing date shall be
determined within ninety (90) days after the department has assumed custody of the
offender. Such tentative parole hearing date shall be calculated by a formula taking
into account the offender's age upon first commitment, number of prior
incarcerations, prior probation or parole failures, the severity and the violence of the

offense committed, employment history, whether the offender served in the United States Armed Forces and has an honorable discharge, and other criteria which in the opinion of the board tend to validly and reliably predict the length of incarceration necessary before the offender can be successfully paroled.

(4) Any inmate within twenty-four (24) months of his parole eligibility date and who meets the criteria established by the classification board shall receive priority for placement in any educational development and job training programs. Any inmate refusing to participate in an educational development or job training program may be ineligible for parole.

As the Thigpen Court noted, the Mississippi parole statute says "may," not "shall," and therefore "does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach." Thigpen, 732 F.2d at 1217-18. This conclusion was reiterated in Scales v. Mississippi State Parole Board, 831 F.2d 565 (5th Cir. 1987)(*per curiam*)("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest."). Accordingly, Jenkins's Petition must be dismissed.

### III. CONCLUSION

Based on the foregoing, the undersigned concludes that the petition should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 25th day of October, 2011.

        s/F. Keith Ball_____
        UNITED STATES MAGISTRATE JUDGE